Ronald A. Van Wert, WSBA #32050
Megan C. Clark, WSBA #46505
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 W. Riverside Ave., Suite 210
Spokane, WA 99201
Telephone: (509) 747-9100
Facsimile: (509) 623-1439
Email: rvw@ettermcmahon.com
Email: mclark@ettermcmahon.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SPOKANE VALLEY FIRE DEPARTMENT,<br><br>                          Plaintiff,<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS AFL-CIO, LOCAL 3701,<br><br>                          Defendants. | NO.  2:17-cv-00250-SMJ<br><br>**SPOKANE VALLEY FIRE DEPARTMENT'S RESPONSE TO LOCAL 3701'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>1/22/19<br>With Oral Argument 1:30 p.m. |

## I.    **INTRODUCTION**

On October 12, 2017, this Court issued an Order asserting jurisdiction in this matter. ECF No. 16.  International Association of Fire Fighters AFL-CIO, Local 3701 ("Local 3701") now improperly brings a successive motion

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

essentially asking this Court to reconsider its prior Order and find jurisdiction does not exist. *See* Fed. R. Civ. P. 12(g). This Motion must fail.  Subject matter jurisdiction is proper under both the Declaratory Judgment Act and the U.S. Constitution, as an actual controversy exists between the parties that is ripe for review and for which the Spokane Valley Fire Department ("Department") has standing. At issue is this Court's ability to issue a ruling on whether certain supervisory employees of the Department are exempt from FLSA overtime requirements. This question is not one of liability, but a question arising under Federal law. The parties remain at a stalemate on the classification of these employees, labor negotiations are at an impasse, and the Department of Labor cannot provide an opinion on the matter. The Department is entitled to declaratory relief, rather than remaining exposed to an employee, individually or collectively, instituting a FLSA claim based on a current controversy, the resolution of which will govern applicable wages and guide labor negotiations. Given the facts of this case and this Court's prior ruling on the question of jurisdiction, Local 3701's Motion should be denied.  Local 3701 requested this argument be heard without oral argument. The Department requests oral argument pursuant to L. Civ. R. 7(i)(3)(B)(ii).

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

## II.    STANDARD

Fed. R. Civ. P. 12(c) and 12(b)(1) govern motions to dismiss for lack of subject matter jurisdiction.  When a cause of action, even superficially, appears to be grounded in federal law or the Constitution, Federal courts are reluctant to dismiss such claims. *See Bell v. Hood*, 327 U.S. 678 (1946); *see also Hill's Jitney Service, Inc. v. Stiltz, Inc.*, 238 F. Supp. 881 (Delaware 1965).  It is well-settled that:

> Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy.' *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666, 94 S. Ct. 772 (1974)).

*Bockari v. California Victim Comp. & Gov't Claims Bd.*, 672 F. App'x 632[1], 633 (9th Cir. 2016).

## III.    ARGUMENT

### A. Local 3701's Motion is Procedurally Defective.

Fed. R. Civ. P. 12(g)(2) states:

Except as provided in Rule 12(h)(2) or (3), a party that makes a

---

[1] Pursuant to L. Civ. R. 7(g)(2), this case is offered for persuasive purposes only.

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

> motion under this rule must not make another motion under this rule raising a defense or objection <u>that was available to the party but omitted from its earlier motion.</u>

Fed. R. Civ. P. 12(g)(2) (emphasis added).  One exception provided in this rule, under Fed. R. Civ. P. 12(h)(3) states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." However, Local 3701's prior Motion to Dismiss expressly incorporated arguments that the Court lacked subject matter jurisdiction. <u>ECF No. 6, § II.</u>  This Court denied the Motion, specifically finding: "The Court has jurisdiction in this case." *See* <u>ECF No. 16, at 2.</u>  Local 3701 has brought a successive motion on this same issue in violation of Fed. R. Civ. P. 12(g)(2). Considering Local 3701's prior, nearly identical argument that this Court lacks subject matter jurisdiction, the Motion currently before this Court is procedurally defective, and must be denied. *Compare with Amramov v. I.C. System, Inc.*, 65 F. Supp. 3d 323, 325 (E.D.N.Y. 2014) (court found a motion for lack of subject matter jurisdiction proper because the defense of lack of subject matter jurisdiction was *not available* at the time of defendant's initial motion to dismiss). The current arguments were previously asserted by Local 3701, and the current Motion is not based upon any new facts that would cause this Court to alter its prior Order. This Court may dismiss Local

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

3701's Motion as being procedurally defective.

**B. Paragraphs 4 & 6 of Foster-Dow's Declaration Should be Disregarded.**

The Declaration of Brian Foster-Dow, Local 3701's President, fails to negate the existence of an actual controversy for two reasons: (1) Paragraph 6 is inadmissible as it is based upon hearsay, speculation, and lack of personal knowledge (*see* ECF No. 33-1, ¶ 6); and (2) Mr. Foster-Dow cannot waive his own FLSA rights or that of any other employee.

The Department moves to strike Paragraph 6 under F.R.E. 602 and/or F.R.E. 801. Foster-Dow does not indicate the source of his proclaimed knowledge. ECF No. 33-1, ¶ 6. He cannot know specific intentions of any other individual, nor can he reasonably testify to another's future actions or thought processes. These statements are based upon pure speculation and are not admissible in support of Local 3701's motion to determine subject matter jurisdiction.

In the Ninth Circuit, admissible evidence is required for an attack based on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Vega v. Ocwen Fin. Corp.*, 950 F. Supp. 2d 1062, 1072 (C.D. Cal. 2013) (considering only admissible evidence to resolve factual challenge to jurisdiction under Rule 12(b)(1)); s*ee also Toro v. United* States, 287 F. Supp. 2d 1235, 1239 (D. Haw. 2003)

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

("[A]ffidavits and declarations in opposition to a factual attack on subject matter jurisdiction must be made on personal knowledge and set forth facts that would be admissible in evidence."); *Yhudai v. Mortg. Elec. Registration Sys., Inc.*, 2015 WL 582677, at *7 (C.D. Cal. 2015) ("In the Ninth Circuit, however, admissible evidence is required to carry a party's burden of showing that the district court has subject matter jurisdiction to hear an action."); *Acosta v. Fast N Esy II, Inc.*, 2017 WL 75796, at *4 (E.D. Cal. Jan. 9, 2017) (finding an expert's unsworn letter constituted hearsay and lacked proper foundation, and was not sufficient evidence)[2]. Mr. Foster-Dow's statements are not admissible and must be stricken.

However, even, if the Court finds these statements are admissible, it is well-settled that FLSA rights cannot be waived. *See Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981); *see also Gordon v. City of Oakland*, 627 F.3d 1092, 1095 (9th Cir. 2010) ("[E]mployees cannot waive the protections of the FLSA ... nor may labor organizations negotiate provisions that waive employees' statutory rights under the FLSA"). Mr. Foster-Dow cannot waive his

---

[2] Pursuant to L. Civ. R.  7(g)(2), *Yhudai* and *Acosta*, *supra*, are offered for persuasive purposes only.

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

or anyone else's FLSA rights now or in the future as Local 3701 has argued. *See* ECF No. 33, at 17:14-16; *see also Bodle v. TXL Mortg. Corp.*, 788 F.3d 156 (5th Cir. 2015) (finding an employee's general release was not valid to estop claims in a subsequent FLSA lawsuit). Mr. Foster-Dow's Declaration does not provide relief from or foreclose the distinct possibility of litigation on this issue.

### C. Subject Matter Jurisdiction and Standing are Established.

An actual case or controversy exists between the parties conferring jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 201(a) ("DJA") and satisfying requirements of Article III of the Constitution.  Previously, this Court ruled:

> It is in the context of [negotiating a labor agreement] that an actual controversy exists whether the battalion chiefs and fire marshals (collectively "the employees") are exempt from FLSA wage and hour requirements.

ECF No. 16 at 7.  The Court also ruled:

> ...[B]ecause the Court would have jurisdiction over claims by Local 3701 members against the Department for violation of the FLSA's wage and hour provisions ... the Court has jurisdiction to consider a declaratory judgment claim on the same subject by the Department.

*Id*. at 6. These prior holdings should not be disturbed.

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

### D. The Court Has Jurisdiction Under the Declaratory Judgment Act.

"The purpose of the [DJA] is 'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure - or never.'" *Societe de Conditionnement v. Hunter Engineering Co*., 655 F.2d 938, 943 (9th Cir. 1981); *see also* ECF No. 16 at 6 ("[M]embers of Local 3701 unquestionably could bring FLSA wage and hour claims against the Department either individually or collectively.").

Presently, the Department avails itself of the DJA for the narrow purpose of determining specific employees' exemption classification under the FLSA, a question of federal law, conferring federal-question jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 1.  The Department's claim does not seek a determination of liability. Similar actions have been maintained, as previously briefed. *See* ECF No. 9, at 13-14; *see also Waialua Agr. Co. v. Maneja*, 178 F.2d 603 (9th Cir. 1949); *Tennessee Coal, Iron & R. Co. v. Muscoda Local 123*, 5 F.R.D. 174 (N.D. Alabama 1946); *Bowie v. Gonzales*, 117 F.2d 11 (1st Cir. 1941); *Oil Workers Intern. Union, Local No. 463 v. Texoma Natural Gas Co.*, 146 F.2d 62 (5th Cir. 1944).

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

To obtain subject matter jurisdiction under the DJA, a plaintiff must demonstrate "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007) (quotation omitted). The controversy at issue satisfies these requirements.

> The difference between an abstract question and a 'controversy' contemplated by the [DJA] is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy [and] reality to warrant the issuance of a declaratory judgment.

*Golden v. Zwickler*, 394 U.S. 103, 108 (1969). An actual controversy exists when the adverse positions between the parties have been "crystallized." *See Societe de Conditionnement v. Hunter Engineering Co*., 655 F.2d 938, 943 (9th Cir. 1981).

Local 3701 cites *State of Nevada Employees' Ass'n, Inc. v. Bryan*, 916 F.2d 1384, 1391 (9th Cir. 1990), for the proposition that it is barred from instituting action on the employees' behalves in the future. This, however, is not true, if the Union has employee consent. *See id*. at 1392. FLSA rights are not waivable and, thus, despite the Union asserting it does not currently plan to take such action, it

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

is not foreclosed from doing so.

A primary purpose of a "declaratory remedy is to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to bring suit, after damage has accrued." *Luckenbach S. S. Co. v. U.S.*, 312 F.2d 545, 547 (2nd Cir. 1963); *see also Hunter*, 655 F.2d at 943. The Department seeks relief to avoid future litigation and potentially significant damages.

While Local 3701 asserts no controversy exists, its actions during litigation suggest otherwise. Local 3701 has remained steadfast in its position that Battalion Chiefs and Fire Marshals are non-exempt under the FLSA. <u>Declaration of Ronald A. Van Wert ("Van Wert Dec."), Ex. A</u>, filed herewith (specific discovery responses related to the applicability of the exemption). Local 3701's Motion does not indicate any change in this position. The Department has offered a collective bargaining agreement that would not be affected by the Court's determination but does not concede exempt or non-exempt status. *Id*. at ¶ 5. Local 3701 refused the proposal, declared an impasse in negotiations, and demanded mediation. *Id*. at ¶ 6. Its substantive position remains unchanged.

Further, the facts and issues previously raised in pleadings filed by the

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 10

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

Department [*See* ECF Nos. 9-12][3] have also not substantively changed, nor has Local 3701 provided this Court with any new facts or information sufficient to alter the Court's prior Order. Despite further negotiations, no agreement has been reached regarding the applicable classification. An ongoing controversy exists providing jurisdiction under 28 U.S.C. § 2201(a).

### E. The Department Has Standing Under the Constitution.

Article III of the Constitution confers judicial power "to all cases, in law and equity, arising under this Constitution, [or] the laws of the United States ..." U.S. Const. art. III, § 2. Constitutional standing, similar to subject matter jurisdiction under the DJA, is obtained when a plaintiff can demonstrate (1) injury in fact – an invasion of a legally protected interest which is concrete and particularized and actual or imminent; (2) causal connection between the injury in fact and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant; and (3) it is likely the injury will be redressed by a favorable decision. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotations omitted). These elements and the facts

---

[3] These pleadings are expressly incorporated herein.

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

establishing the same overlap with requirements under the DJA discussed above.

Local 3701 fails to establish a facial or factual deficiency with jurisdiction. Local 3701 makes a conclusory argument that Foster-Dow's Declaration establishes that jurisdiction fails under either challenge but does not further elaborate. ECT No. 33, at 7:10-12.  In fact, the Declaration fails to establish a proper challenge to jurisdiction. In *Bell v. Hood*, 327 U.S. 678 (1946), the Supreme Court determined jurisdictional dismissals were warranted "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682-83. Local 3701 has not proffered any evidence or argument demonstrating the claim was made solely to obtain federal jurisdiction, and certainly cannot claim it is insubstantial or frivolous considering the conclusory effect its determination will have on wages and, thereby, labor negotiations.

For the reasons enumerated herein, the Department has satisfied jurisdictional requirements. The Department seeks a determination of the classification for certain employees under the FLSA. *See* ECF 1. Without such determination, labor negotiations will likely remain effectively stalled and the

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 12

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

Department is exposed to significant litigation should a classification be erroneously applied. <u>Van Wert Dec., ¶ 7.</u>  Through litigation, the Department would be subject to potential back wage damages, liquidated damages, fees, and interest. *Id*. The Department's redress is limited to declaratory relief, and thus, a determination on this matter will resolve the issues.

The Department has a reasonable fear of imminent or immediate action.  As discussed, the Foster-Dow Declaration does not alleviate this fear.  Local 3701 primarily cites to *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312 (9th Cir. 1986), *Montana Environmental Information Center v. Stone-Manning*, 766 F.3d 1184 (9th Cir. 2014); and *City of Monroe v. Otwell*, 2009 WL 2146482 (W.D. Louisiana 2009) (unpublished) for the proposition that the Department does not have a reasonable fear of imminent or immediate action. These cases are distinguishable.

In *Levin*, the Court considered a request for a declaration of nonliability, asserting a party was not liable for future hazardous waste cleanup costs. *Levin*, 799 F.2d at 1314.  However, in the present case, the Department does not seek this Court's opinion on liability, but rather seeks an interpretation of federal law.

In *Stone-Manning*, the issue was whether a "challenge to potential approval

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

of a surface mining permit is ripe for judicial review." *Stone-Manning*, 766 F.3d at 1186. Unlike the present matter, the claim in *Stone-Manning* was based upon pure speculation without evidence that the defendant would fail to comply with a specific State law. *See id*. The claim in the present matter is not unlikely; the controversy exists.  Local 3701's actions during discovery demonstrate that it is unlikely to change its position, and thus, if an FLSA classification is improperly applied, litigation is likely.

Finally, Local 3701 cites to *City of Monroe v. Otwell*, 2009 WL 2146482 (W.D. Louisiana 2009) (unpublished). In *City of Monroe*, the Court dismissed a claim in federal court because it dealt with a "prospective claim for overtime payments by firefighter defendants against the **City** under *state* law." *Id*. at *3 (emphasis in original). Thus, the Court found since this state-law claim was at issue, no federal question existed.  *See id*.  Given the Department's claim is expressed under the FLSA, this case is inapposite.

The dispute between the parties is not purely "academic." Local 3701 cites *Textron Lycoming Reciprocating Engine Div. v. United Auto*, 523 U.S. 653 (1998) for the proposition that claims which are "uncertain to accrue" do not gain subject matter jurisdiction.  This case is distinguishable as the potential action by

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 14

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

the union in *Textron* over a collective bargaining agreement did not "present a case or controversy *giving Union access to federal courts*." *Id*. Under the FLSA, both Local 3701 and the subject employees have access to the federal courts in an immediate claim, which, as discussed herein, presents a distinct possibility.

Importantly, Local 3701 contractually serves as the sole representative of the employees and financially supports FLSA litigation. *See* Van Wert Dec., Ex. B. The real possibility of litigation exists. Moreover, the fact that there is no *pending* suit against the Department is not dispositive, and certainly does not prevent employees from seeking damages in the future, individually or collectively.

Furthermore, Local 3701's focus on provisions of the collective bargaining agreement providing overtime is unavailing as it ignores several portions of the current collective bargaining agreement where the employees *do not* currently receive overtime payments (at 1.5x their regular rate of pay) for work beyond regular hours. *See e.g.* ECF No. 33-1, at 17 ("Jury Service") (an officer receives his or her regular rate of pay while serving on a jury); *see also id.* at 34 ("Article 22 – Vacancies") (entitles an officer to receive straight time overtime for filling a vacancy). In addition, a new collective bargaining agreement is being negotiated,

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 15

ETTER, M$^{\text{C}}$MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

which, without a definitive determination of the classification of the employees, could perpetuate and even add misguided provisions.  The Department's real and immediate fear is that these employees are not actually exempt from overtime laws, are thereby not properly compensated per the FLSA, and have a ripe and justiciable claim that is asserted individually or collectively. The declaratory relief seeks to alleviate this fear and ensure the proper classification is implemented.

Local 3701's argument that an employee, if interested in future litigation, would have intervened in *this* action similarly has no merit.  Local 3701's current defense of the employees in the instant action does not give the employees cause to intervene and incur personal expense.  Should the employees' wages and work hours remain essentially the same, the employees do not lose anything by not intervening in the current action. They would still maintain a right to damages up to three years from the time of suit.  It would be of greater personal cost and risk to intervene at this time.

The Department has established jurisdiction exists under Article III of the Constitution. The Department has a real, immediate, credible fear of litigation, which is specifically tied to both the employees and Local 3701, particularly

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 16

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

given its express support of FLSA claims for members (*see* <u>Van Wert Dec., Ex.</u> <u>B</u>). This Court's determination of the proper classification provides relief and more certainty for the parties going forward.

**F. The Department's Claim is Ripe for Review.**

Local 3701 claims the Department has failed to satisfy ripeness requirements. Declaratory relief is appropriate "(1) [W]hen the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding", rendering declaratory relief appropriate. *See Eureka Federal Sav. and Loan Ass'n v. American Cas. Co. of Reading, Pa.*, 873 F.2d 229, 231 (9th Cir. 1989). "Ripeness in a declaratory action does not require absolute certainty of litigation ... The fact that the filing of the lawsuit is contingent upon certain factors does not defeat jurisdiction over a declaratory judgment action." *Regions Ins., Inc. v. Ace Property & Cas. Ins. Co.*, 80 F. Supp. 3d 730 (M.D. Louisiana 2015). In *Cummings v. Cenergy Int'l Services, LLC*, 270 F. Supp.3d 1182, 1194-95 (E.D. Cal. 2017), the court found a dispute over violation of FLSA public policy was ripe despite no determination as to the existence of an employment relationship.

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 17

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

In *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134 (9th Cir. 1999), which Local 3701 relies upon, the Court stated: "There are two components to ripeness: constitutional ripeness and prudential ripeness." *Id*. at 1138. The constitutional ripeness of a declaratory judgment action depends upon "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S. Ct. 510 (1941)).   As discussed above, constitutional ripeness has been satisfied. Prudential ripeness, the second component, "is guided by two overarching considerations: [1] the fitness of the issues for judicial decision and [2] the hardship to the parties of withholding court consideration." *Thomas*, 220 F.3d at 1141 (internal citations omitted).

Local 3701's argument ignores the ripe, current legal issue between the parties, which is the dispute over the application of FLSA exemptions. This controversy is substantial as it is determinative of the applicable wages. Consequently, labor negotiations have stalled, and this issue continues to put the

SPOKANE VALLEY FIRE DEPARTMENT'S RESPONSE TO LOCAL 3701'S MOTION FOR JUDGMENT ON THE PLEADINGS - 18

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

parties at odds; no resolution has been reached and no party has changed its position. The immediacy and reality of this issue warrants the issuance of declaratory relief. Whether the employees will or will not institute litigation does not preclude the Department from seeking review on this very narrow issue. The issue remains that an employee can bring such suit.  The Department of Labor cannot issue declaratory relief on this issue. Without the Court's consideration of this issue, the Department does not have proper redress. The claim is ripe for judicial review and the questions of federal law are within the Court' purview.

**G. Local 3701's Successive Motion Warrants Reasonable Costs.**

Given that SVFD's administrators and all the Local 3701 members are located in the Spokane area, the hearing generally would be held in Spokane. To accommodate their own schedule, counsel for Local 3701 chose a hearing date in the Tri-Cities despite dates available in Spokane and objection by the Department's counsel. Van Wert Dec., ¶ 9-11, Ex. C. Given the Department's initial objection to a hearing in the Tri-Cities, along with the successive nature of this motion, reasonable compensation for fees incurred by the Department for counsel's travel to the Tri-Cities is warranted and appropriate.

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 19

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, SVFD respectfully requests the Court to deny

Local 3701's Motion for Judgment on the Pleadings, and award fees and costs as

the Court deems appropriate.

Dated this 24th of December 2018.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

/s/ Ronald A. Van Wert
Ronald A. Van Wert, WSBA #32050
Megan C. Clark, WSBA #46505
Attorneys for Plaintiff

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 20

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of December 2018, I electronically

filed the foregoing document with the Clerk of the Court using the CM/ECF

System, which will send notification of such filing to the following:

Alex Skalbania
Emmal Skalbania & Vinnedge
3600 15th Avenue W., Suite 201
Seattle, WA  98119
askalbania@aol.com

Thomas A. Woodley (Pro Hac Vice)
Megan K. Mechak (Pro Hac Vice)
John W. Stewart (Pro Hac Vice)
Woodley & McGillivary, LLP
1101 Vermont Avenue N.W., Suite 1000
Washington, DC  20005
taw@wmlaborlaw.com
mkm@wmlaborlaw.com
jws@wmlaborlaw.com

SaNni M-K Lemonidis
Robblee Detwiler, PLLP
2101 Fourth Ave., Suite 1000
Seattle, WA 98121
slemonidis@unionattorneysnw.com

DATED this 24th day of December 2018.

By: /s/ Megan C. Clark

SPOKANE VALLEY FIRE
DEPARTMENT'S RESPONSE TO LOCAL
3701'S MOTION FOR
JUDGMENT ON THE PLEADINGS - 21

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, Suite 210
SPOKANE, WASHINGTON 99201 (509) 747-9100